[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13449
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cr-00042-SPC-CM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RUFINO ORTEGA-VILLA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 6, 2019)

Before WILSON, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

Rufino Ortega-Villa appeals his 41-month sentence for illegal reentry into the United States after a felony conviction and removal from the United States, in violation of 8 U.S.C. § 1326(a), (b)(1).[1] He argues that the district court abused its discretion by ordering that his 41-month sentence run consecutively with the 73-month Florida sentence he was already serving. We affirm.

## I.    BACKGROUND

On May 23, 2018, Ortega-Villa, a citizen of Mexico, pleaded guilty to illegal reentry after deportation and conviction for a felony, 8 U.S.C. § 1326(a), (b)(1), which is a crime punishable by up to 10 years imprisonment. *Id.* § 1326(b)(1). The Presentence Investigation Report calculated the sentencing guidelines range as 37 months to 46 months based on an offense level of 19 and a criminal history category of III. According to the PSR, Ortega-Villa's criminal history included a number of Florida offenses. In 2001, Ortega-Villa was convicted of trespass (reduced from burglary) and petty theft. Later that year, he was convicted of leaving the scene of a crash with property damage and reckless driving. In 2002, he was convicted of driving under the influence and driving without a valid driver's license. In 2013, he was convicted of possession of a controlled substance without

---

[1] "[A]ny alien who . . . has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter . . . enters, attempts to enter, or is at any time found in, the United States, . . . whose removal was subsequent to a conviction of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), . . . shall be fined under Title 18, imprisoned not more than 10 years, or both." 8 U.S.C. § 1326(a), (b)(1).

a prescription,[2] operating a vehicle while his license was suspended, and not having vehicle registration. In 2017, he was convicted of burglary, theft, and drug offenses for which he is currently serving a 73-month sentence in Florida. His expected release date is November 28, 2022. Ortega-Villa had also been deported from the United States on four previous occasions.

At the sentencing hearing, neither party objected to the probation office's proposed guidelines calculations, and the district court adopted them. Ortega-Villa's counsel argued for a 37-month sentence—the low end of the guidelines range—and for the sentence to run concurrently with the Florida sentence Ortega-Villa is presently serving. The government agreed to the 37-month sentence but argued that the sentence should run consecutively with the state sentence. The district court sentenced Ortega-Villa to 41 months' imprisonment to be served consecutively with his state sentence. In doing so, the district court explained that it had listened to the arguments of counsel and considered Ortega-Villa's criminal history and his continued disregard for the immigration laws of the United States, and it further noted that Ortega-Villa had apparently learned nothing from his previous encounters with the law. Ortega-Villa's counsel objected that the sentence was greater than necessary. This timely appeal followed.

## II.    DISCUSSION

---

[2] The indictment in this case relied on Ortega-Villa's 2013 conviction for possession of a controlled substance as his prior felony conviction.

A district court must select a sentence that is "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide needed educational, vocational, medical, or other correctional services. 18 U.S.C. § 3553(a). The district court must also consider (1) the nature and circumstances of the offense and the characteristics of the defendant, (2) the kinds of sentences available, (3) the sentencing guideline range, (4) the pertinent policy statements of the Sentencing Commission, (5) the need to avoid sentencing disparities among similarly situated defendants, and (6) the need for restitution to any victims. *Id.* Although the district court must consider all of the § 3553(a) factors, it is not required to discuss each factor on the record. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). The weight given to each factor is a matter committed to the discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). And the district court is free to "attach 'great weight' to one factor over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 57 (2007)). The fact that a sentence is below the statutory maximum is also a factor supporting its reasonableness. *Id.* at 1256–57.

We review the reasonableness of a sentence for abuse of discretion. *Gall*, 552 U.S. at 51. We first determine if the district court committed a significant

4

procedural error. *Id.* A district court commits procedural error if it miscalculates the guideline range, treats the guidelines as mandatory, fails to consider the relevant factors under 18 U.S.C. § 3553(a), selects a sentence based on clearly erroneous facts, or fails to explain adequately the sentence selected. *Id.* After determining whether procedural error occurred, we ask whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Id.*

Ortega-Villa argues that the district court committed procedural error by failing to explain its decision to order that his sentence run consecutively with his state sentence. Specifically, he contends that the district court discussed the § 3553(a) factors only with respect to the length of his sentence and not with respect to the decision that it run consecutively.

At the sentencing hearing, counsel for Ortega-Villa and for the government argued about both the length of the federal sentence and whether the sentence should run consecutively or concurrently with the state sentence. The district court then explained that it had considered the arguments of counsel, along with the presentence report and the guidelines range. The district court further explained that it had reviewed Ortega-Villa's criminal history as well as the nature and circumstances of the offense and the other § 3553(a) factors. Because of Ortega-Villa's criminal history and disregard for the immigration laws, the district court

sentenced him to a 41-month sentence to run consecutively. Although the district court did not separate its analysis of the question of a consecutive versus concurrent sentence from its decision on the length of the sentence, it discussed the § 3553(a) factors immediately prior to stating that the sentence would run consecutively. Thus, the district court demonstrated that it applied those factors to the sentence as a whole, including its decision that the sentence should run consecutively.

Ortega-Villa also argues that his sentence was substantively unreasonable as a result of the district court's order that it run consecutively with his state sentence. We review *de novo* a district court's decision to impose a consecutive sentence, *United States v. Ballard*, 6 F.3d 1502, 1505 (11th Cir. 1993), though we review the substantive reasonableness of the sentence as a whole for abuse of discretion. *Gall*, 552 U.S. at 51. When a district court sentences "a defendant who is already subject to an undischarged term of imprisonment," the court generally may order that the terms run concurrently or consecutively. 18 U.S.C. § 3584(a). "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *Id.* In deciding whether to impose a consecutive sentence, the court must consider the § 3553(a) factors. *Id.* § 3584(b).

Here, the district court did not err in imposing a consecutive sentence and the sentence was substantively reasonable based on 18 U.S.C. §§ 3584(a) and

3553(a). We first note that, under § 3584(a), Ortega-Villa's sentence would have been consecutive unless the district court ruled otherwise because the sentence was entered at a different time than his state sentence. In any event, the district court's decision to impose a consecutive sentence is also substantively reasonable under the § 3553(a) factors. Under those factors, the sentence reflects the need to promote respect for the law, to protect the public, and to provide just punishment to a defendant who has repeatedly and brazenly ignored the immigration and criminal laws of the United States. *See* 18 U.S.C. § 3553(a). Ortega-Villa's federal sentence is also reasonable because the federal offense bears no relation to the state offense. Moreover, as the district court explained, the consecutive sentence is reasonable based on the need to deter Ortega-Villa, who had been deported from the United States on four previous occasions amid a history of multiple criminal offenses, from continuing to engage in criminal conduct. Finally, the sentence was well below the statutory maximum of 10 years, which further supports its reasonableness. *Rosales-Bruno*, 789 F.3d at 1256–57.

## III.   CONCLUSION

The district court did not abuse its discretion because it imposed a procedurally and substantively reasonable sentence and did not err in ordering that the sentence run consecutively with the state sentence that Ortega-Villa was already serving based on the § 3553(a) factors. Accordingly, we affirm.

7

**AFFIRMED.**